IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. DANIEL NAZON, MD, Individually,
and NEW MEXICO ONCOLOGY
HEMATOLOGY CONSULTANTS, LTD.,

      Plaintiffs,

v.     No. 24-cv-693-WJ

JACK TOWSLEY, Individually and in his official
capacity, and OPTUMCARE MANAGEMENT, LLC,

      Defendants.[1]

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff[2] Nazon's Motion to Remand (**Doc. 9**). In his filing, Nazon request that the Court return the case to Second Judicial District Court, Bernalillo County, State of New Mexico. OptumCare opposes remand (**Doc. 11**). Having reviewed the parties' briefings and the applicable law, the Court finds Nazon's Motion is well-taken and, therefore, **GRANTS** the Motion to Remand.

### BACKGROUND[3]

Plaintiffs filed their Complaint (**Doc. 1-2**) in New Mexico state court on January 11, 2024. Then, on January 26, 2024, Plaintiffs filed their First Amended Complaint (**Doc. 1-3**). Consistent

---

[1] Although Plaintiffs named two Defendants, only OptumCare Management, LLC ("OptumCare") responded. As will become clear later, that is because Defendant Jack Towsley was dismissed from the case by court order. *See* **Doc. 1-5 at 244–45**.

[2] As was true with Defendants above, the filing parties are not inclusive of all the parties in the caption. Here, only Plaintiff Nazon filed the Motion to Remand and Reply. That is because New Mexico Oncology Hematology Consultants, Ltd., was also dismissed by the state court judge. *See* **Doc. 1-5 at 246–47**.

[3] The allegations do not matter. Neither does the substance of the Complaint (or First Amended Complaint). All that matters for resolution of the request for remand is: (1) the timeline, and (2) the actions taken by the parties in state court.

with state rules, Defendants were served with process in February and March 2024 (**Doc. 1-5 at 35 & 40**).

On March 26, 2024, Defendants filed an entry of appearance (**Doc. 1-5 at 41 & 89**). In short order, Defendants filed a litany of motions—including: (1) OptumCare's Motion to Dismiss for Failure to State a Claim; (2) OptumCare's Motion to Dismiss New Mexico Oncology Hematology Consultants, Ltd. for Want of Jurisdiction, Lack of Standing, and Improper Party Status; and (3) Defendant Towsley's Motion to Dismiss. *See* **Doc. 1-5 at 46; Doc. 1-5 at 70; Doc. 1-5 at 91**. Defendants requested a hearing on each of the motions, as well (**Doc. 1-5 at 67, 86, 107**). In due course, Plaintiffs responded to these motions (**Doc. 1-5 at 119, 132, 145**)—and, afterwards, Defendants replied (**Doc. 1-5 at 167, 195, 226**).

After briefing was complete, Judge Daniel Ramczyk, of the Second Judicial District, scheduled a motion hearing on each of these motions (**Doc. 1-5 at 239**). Then, on July 8, 2024, Judge Ramczyk granted: (1) Defendant Towsley's Motion to Dismiss, and (2) OptumCare's Motion to Dismiss New Mexico Oncology Hematology Consultants, Ltd. *See* **Doc. 1-5 at 244–47**.

After months of litigation in state court, OptumCare filed its notice of removal (**Doc. 1**).

## DISCUSSION

Nazon filed his Motion to Remand arguing that "the voluntary-involuntary rule renders this case ineligible for removal." **Doc. 9 at 1**. OptumCare argues this case is removable because Defendant Towsley was fraudulently joined. *See* **Doc. 11,** *passim*.

These are fine arguments—but both miss the mark.

**I. OptumCare Waived Removal by Litigation and Participation**

Generally, a "civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] by the defendant." 28 U.S.C.

§ 1441(a). Thereafter, notice of removal must be filed by the Defendant(s) within thirty days of service. *See* 28 U.S.C. § 1446(b)(1). But removal alone does not ensure—let alone perfect—federal jurisdiction. Indeed, sometimes, the removal is improper—and the action is remanded back to state court. *See* 28 U.S.C. § 1447(c).

There are two bases for remand under § 1447(c): "(1) those based on a lack of subject-matter jurisdiction, which have no time limit, and (2) those based on 'any defect other than lack of subject matter jurisdiction,' which must be filed within 30 days of removal." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017); *see* 28 U.S.C. § 1447(c).

The Court begins by analyzing what constitutes a "defect" under § 1447(c). Tenth Circuit case law explains that: (1) noncompliance with the time limits, (2) noncompliance with the unanimity requirements, and (3) noncompliance with the forum-defendant rule each forbid removal. *Soto Enters., Inc.*, 864 F.3d at 1094–95 (compiling cases). Relevant here is the thirty-day time prescribed for removal. 28 U.S.C. § 1446(b).

If this case was removable, then Defendants needed to file a notice of removal no later than thirty days after service—which occurred on February 27, 2024 (**Doc. 1-5 at 35**) for OptumCare and March 4, 2024 (**Doc. 1-5 at 40**) for Towsley. This means removal needed to occur prior to April 4, 2024. Waiting until July 8, 2024, to remove this case is dispositive—as Defendants are three months too late.

Here, OptumCare not only waited too long to remove—but also waived removal by voluntarily participating in state court litigation. In *Soto Enterprises*, the Tenth Circuit determined this common-law creation[4] can override later removal efforts. Specifically, "when a defendant files

---

[4] The Tenth Circuit is not alone in applying this rule. *See, e.g., Aqualon Co. v. MAC Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some such substantial defensive action in the state court before petitioning for removal."); *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015) (noting that a Defendant's right to removal can be waived by pre-

a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *Soto Enters., Inc.*, 864 F.3d at 1099. This "bright-line rule" seeks to "avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations." *Id.*

Here, Defendants filed three motions to dismiss. Such filings manifest intent to submit to state court jurisdiction. *Soto Enters., Inc.*, 864 F.3d at 1099.

Furthering the Court's analysis is the fact New Mexico's procedural rules did not "compel" Defendants' state-court participation. *Soto Enters., Inc.*, 864 F.3d at 1099. Of course, the Court acknowledges that the state "compelled" Defendants' participation with respect to the filing of their Answers. *See* Rule 1-012(A) NMRA (noting that answers will be filed within thirty days). But Defendants were not compelled to file a motion to dismiss (let alone three). *See* Rule 1-012(B)(6) NMRA; *see also City of Albuquerque v. Soto Enters., Inc.*, No. 16-cv-99, 2016 U.S. Dist. LEXIS 49094, at *6 n.1 (D.N.M. Apr. 11, 2016), *aff'd*, 864 F.3d 1089 (10th Cir. 2017) (explaining that because "New Mexico gives a defendant 30 days to answer or otherwise respond to a complaint . . . there is not a deadline gap that would potentially force a New Mexico defendant to forgo filing a motion to dismiss or shorten the time for removal").

---

removal litigation in state court); *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994) (explaining a "defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum"); *Yusefzadeh v. Nelon, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (explaining a state court Defendant may "lose or waive" the right to remove a case by taking "some substantial offensive or defense action"); *see also* 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2017) ("A state court defendant also may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action.").

All this to say, Defendants could have filed their Answer in state court without waiving removal; but filing the three motions to dismiss—and requesting a hearing on each of these motions—waived removal. *Soto Enters., Inc.*, 864 F.3d at 1098.

To paraphrase Tenth Circuit Judge Harris Hartz, "'the remover lingers too long in state court' by removing beyond § 1446(b)(1)'s 30-day requirement; and by participating in the state-court proceedings, the remover 'lingers too lovingly.'" *Soto Enters., Inc.*, 864 F.3d at 1097 (quoting *Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*, 797 F.3d 800, 809 (10th Cir. 2015) (Hartz, J., concurring)).

## CONCLUSION

For the reasons described above, the Court concludes that Defendants waived their right to removal by participating in the state court proceedings (and blowing the statutory removal deadline). Necessarily, then, removal was improper.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (**Doc. 9**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **REMAND** this case to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE